# Tierney VS. IRS

# David and Elizabeth Tierney

# VS.

# United States of America, acting by and through the Internal Revenue Service.

## With a Demand for a Jury Trial

# Tierney VS. IRS

Listed here are the five (5) IRS participants in this 5year audit process; their involvement and actions:

**1. William P. Shade, Audit Agent** is the protagonist, who performed the actual audits that generated additional taxes for tax year 2016 of $36,524.51 and $22,794.00 for tax year 2017, which subsequently was reduced by a Tax Court Order to $527 and $2,017, respectively: and the Cost of Goods were not credited causing additional taxable income, respectively of $60,202 and $49,574 a total of : $109,776.00. This amount was never recognized as an expense hence even after five years the taxpayer still had to pay taxes on $109,776.00 worth of goods purchased and never credited.

2. **Elizabeth Willoughby, Group Manager** whose involvement was basically limited to a couple of letters and to telephone conversations with David Tierney. Ms. Willoughby was removed from this position and her promise that William Shade would not be auditing tax year 2017.
3. Obviously, 2017 was audited by Mr. Shade, without managerial permission.

3. **Robin Witherspoon, Audit Agent**, who made several minor changes that were favorable to the taxpayer. These changes were negated when Mr. Shade forwarded his original form 4549-B to Sheila Horton.

4. **Sheila Horton. Appeal Review Agent,** ineffectual and basically made no changes. This is an example of the agents of the entire IRS service backing each other up at the expense of the taxpayer.

**5. Nancy Gilmore, ESQ, Associate Area Counsel,** who is the attorney from the chief counsel's office who effected the agreement that created the tax court order. The unfortunate thing for the taxpayer was that Ms. Gilmore did not understand the results of Mr. Shade's nefarious and illegal actions of crediting cost of goods on one hand and offsetting the same by falsified entries ($59,874 in 2016 and $49,549 in 2017) resulting in the taxpayer paying taxes on an additional $109,423. So much for #3 **The Right to Pay No More than the Correct Amount of Tax\***

\*IRS publication: Your Rights as a Taxpayer.

# Tierney VS. IRS

**The purpose of this complaint is to receive damages for all the torts we were subjected to and hopefully to expose the IRS as a rogue agency, that does not follow the law and runs roughshod over sole proprietors and other small businesses that are audited three times more than any other tax filer.**

**"Section 120(2) of the Internal Revenue Service Manual states that the mission of the Internal Revenue Service is to encourage the highest possible degree of voluntary compliance with our nation tax laws and to conduct itself so as to warrant the highest degree of public confidence in its integrity and efficiency." It is true that the Service employees a few thousand workers who are dedicated to this mission. William P Shade has demonstrated that he has total disregard for this mission. Why was this total disregard tolerated?**

**The right to sue the federal government was established by the FTCA (Federal Tort Claims Act).**

**Most taxpayers would not go to the expense of challenging the decision of an audit in court, because an attorney would cost more. Which most would be very hesitant to spend another $10,000 or $20,000. Therefore, one could conclude that the IRS continues to operate without supervision or review of audit agent's activities, which allows rogue agents like William P Shade to run rampant in auditing small businesses.**

The First appointment with William P Shade was held in June 2018. We live in Reading, Pennsylvania and the appointment was in King of Prussia. It normally takes about an hour to get to King of Prussia from Reading. On the morning of the first audit appointment it took us 1 hour and 45 minutes. We encountered traffic congestion for miles upon miles due to road construction. Because, Elizabeth made sure we had plenty of time to get there and be on time, we arrived on time. We were greeted at the entry door by an armed guard who ushered us into a conference room. It was absolutely frigid in that conference room. We just spent all that time traveling, and upon arrival we were not offered water, coffee or the use of the bathroom. Mr. Shade entered the room and began the audit. This really should not be an issue, however Mr. Shade was extremely unprofessional in his appearance and hygiene. He had the habit of running his hands through his hair, which was laden with dandruff

# Tierney VS. IRS

Which then covered part of the table and documents. This was anything but a considerate welcome to the IRS audit. This meeting lasted more than 5 hours – after more than 3.5 hours we had to request a break to use the bathroom.

In July 2018 we received form 4549 from Mr. Shade and that same morning David Tierney received a phone call from Assistance Support Center for Tax Relief (815-285-7476) and in that conversation, it was revealed that Tierney owed $36,524.57 in



additional taxes.

This is the amount determined by Mr. Shade's audit and the only source of that information was Mr. Shade. This was confirmed by Appeal Review Agent Sheila Horton. What is the inference from these facts? It is the taxpayer supposition that Mr. Shade has a source of revenues on the side, by setting up the taxpayer with a huge Tax debt and informing the Assistance Support Center for Tax Relief. **This required the violation of taxpayer's rights to confidentiality.**

The most egregious violation has to do with falsified entries on form 4549-B by Mr. Shade. In 2016 the top number in parentheses $60,202.00 is the actual cost of goods sold being recognized for the first time. This is then offset by a falsified entry of $59,870.00 which means the cost of goods credited was $332.00. This is a kind gesture compared to 2017. Cost of goods sold $49,574 and then simply offset with a falsified

# Tierney VS. IRS

entry of $49,574.00. The end result of all of this is that the taxpayer had to pay taxes on an additional $109,446, because these falsified entries never got corrected right through the negotiations with chief counsel's office representative Nancy Gilmore, ESQ.



### Standard Form 95

**A tort claim against the United States, based on a negligent or wrongful act or omission of an employee of the IRS acting within the scope of his or her employment, may be filed by the injured person or his or her legal representative using Standard Form 95.**

5

# Tierney VS. IRS

An attempt was made to find out where to file a Standard Form 95. Mr. Tierney made extensive efforts to find out where to file this form. Having failed, he contacted Congresswoman Houlihan's office. Her staff made a considerable effort to find out where to file it. Their conclusion was there was no place to file a Standard Form 95. Instead, the IRS has its own form. So much for following the law. **The decision was to proceed with a lawsuit.**

**List of Torts and wrongful actions of Mr. Shade :**
- Intentional infliction of emotional distress;
- Making a false entry onto form 4549 to contravene an earlier credit for cost of goods sold. **(Form 4549-B is a government document and falsifying such is a criminal offense).**
- Attempted to deprive us of our legal right to "due process" by not communicating regarding the change of a subsequent appointment, which if we missed the appointment, the audit would have been final and we would have owed $36,524.51 for 2016.
- Mr. Shade's actions recorded on Form 4549 towards the following categories were all arbitrary and capricious:
  - DMT car and truck expense
  - EAST other expenses
  - Utilities
  - Meals and entertainment
  - Travel
  - Commissions and fees
  - Car and truck expense
  - DMT bad debt expense
  - Supplies
  - Capital gains or loss
  - Itemized deductions

- Violation of taxpayer's right to confidentiality of tax records. Within two days of receiving form 4549B stating we owed $36,000 Mr. Tierney received a phone call from the Assistance Support Center for Tax Relief with a callback (1-865-285-7476). In that conversation it was revealed that David and Elizabeth Tierney owed $36,524.51. The only source of that information

would have come from Mr. Shade. This was confirmed by Appeal Review Agent Sheila Horton. One could deduct that it's a lucrative source of income for Mr. Schade, which required the violation of my rights to privacy concerning tax matters. This linkage provides logical reason for "Intentional infliction of emotional distress". The taxpayer under duress is seeking assistance from somewhere and the Assistant Support Center for Tax Relief is calling.

We feel it is appropriate to reiterate the major laws and regulations having been violated by Mr. Shade:

If an IRS agent is found to have falsified entries on Form 4549-B, they could potentially face criminal charges under Title 26 USC 7206(4) and 7207, which prohibit the submission of false or fraudulent documents to the IRS. The falsified entries are as obvious as the nose on one's face.

Violation of a taxpayer's right to confidentiality concerning tax matters. Agent Shade provided the exact amount of the new tax liability of $36,524.51 to Assistance Support Center for Tax Relief.

Five(5) years of extreme marital distress, which almost digressed into a divorce at almost achieving 50 years of marriage.

### Compensation

David Tierney has been a 1090 employee of his wife's business for years with annual compensation of $10,000, since Mr. Tierney has spent hundreds of hours over the past five years responding to the outrageous demands of William P Shade and the IRS. Mr. Tierney's employment was required, therefore the amount of $50,000 is the amount due for required IRS responses and negotiations concerning the amount of taxes owed. Tort damages we are seeking equals $2,000,000. Since Mr. Tierney filed our taxes when it was presented that we owed an additional $59,320.51 - $36,524.51 (2016) +22,796.00 (2017) - it was his fault! This moment in time was the beginning of five years of intense marital discord. Mr. Tierney and Mrs. Tierney logged 50 years of marriage during this period of time, but there was no celebration.

# Tierney VS. IRS

David Tierney's motto is **"Do good, have fun and make a difference!"** The IRS is in charge of so much money that a small settlement amount is meaningless. We are seeking a $2 million settlement for extreme personal and marital distress, the violation of confidentiality, and the obsessive requests to demonstrate facts and figures pertaining to tax deductions, for a total amount of $2,050,000. This Is a small amount of money to the IRS, but it might just be enough to draw some attention to these rogue activities of the IRS audit agents and subsequently cause some corrective actions to curtail the rogue activities of IRS audit agents on taxpayers doing their best to comply with tax laws, such as David and Elizabeth Tierney – just trying to make a positive difference.

David and Elizabeth Tierney live at 1519 Girard Avenue, Wyomissing, PA 19610-2423. The residence Land Line is (610) 372-5824. Mr. Tierney's cell phone is (610) 223-0732, and his email address: marstonltd@comcast.net . Mrs Tierney's cell phone 610-223-7819 and email east@comcast.net .

This complaint is being filed within two years of the Tax Court Settlement of September 9, 2022, therefore the statute of limitations did not come to effect and is not an issue.

Respectfully submitted:

_David M. Tierney_    Date - 8/20/2024
8/20/2024

_Elizabeth S. Tierney_    Date- 8/20/2024