IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID & ELIZABETH TIERNEY**,       Plaintiffs, | : <br> : <br> : |
| v. | :     Civil No. 5:24-cv-04400-JMG |
| **UNITED STATES OF AMERICA**,       Defendant. | : <br> : <br> : |

**MEMORANDUM OPINION**

**Gallagher, J.**                                                                                                            **December 13, 2024**

## I.  INTRODUCTION

Plaintiffs David and Elizabeth Tierney (collectively "Plaintiffs"), a husband and wife, filed suit against the United States (the "Defendant" or the "Government") alleging that the Internal Revenue Service ("IRS") committed torts against them in the course of the auditing process. Because Plaintiffs' claims are barred by an exception to the Federal Tort Claims Act ("FTCA"), this Court lacks jurisdiction to adjudicate them. Accordingly, the Court will grant Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and dismiss Plaintiff's Complaint.

## II.  BACKGROUND

Plaintiffs filed their Complaint ("ECF No. 1") on August 1, 2024. The Complaint alleges tort claims against the Internal Revenue Service. *See* ECF No. 1 at 3 ("The purpose of this complaint is to receive damages for all the torts we were subjected to…"). Specific torts alleged in the Complaint include intentional infliction of emotional distress and a violation of Plaintiffs' right to confidentiality. *See id.* at 6-7.  Plaintiffs allege that during an audit for the years 2016 and 2017 they were subject to poor treatment by IRS employees, which caused them emotional distress. Moreover, Plaintiffs allege that they received a call from a third-party tax support network

1

that informed them of how much money they owed the IRS, which Plaintiffs allege demonstrated that Defendant violated their right to taxpayer confidentiality. *See id.* at 4.

Defendant filed its Motion to Dismiss Plaintiff's Complaint on November 12, 2024. *See* Def.'s Motion to Dismiss ("ECF No. 7"). Defendant moved for dismissal on three grounds: (1) insufficient service of process per Fed. R. Civ. P. 12(b)(5), lack of subject matter jurisdiction per Fed. R. Civ. P. 12(b)(1), and (3) failure to state a claim per Fed. R. Civ. P. 12(b)(6). Plaintiffs filed their opposition to Defendant's Motion on December 9, 2024. *See* Pls.' Resp. in Opp. ("ECF No. 8").

### III. DISCUSSION & ANALYSIS

The United States has not waived sovereign immunity in this matter, and the Court lacks jurisdiction to entertain Plaintiffs' Complaint.[1] *See Admiralty Condo. Ass'n, Inc. v. Dir., Fed. Emergency Mgm't Agency*, 594 F. App'x 738, 740 (3d Cir. 2014) ("If the federal government has not waived its sovereign immunity with respect to a given claim, the court in which the claim is filed lacks jurisdiction and must dismiss the suit." (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941))).

"[T]he United States and its agencies are generally immune from suit under the doctrine of sovereign immunity." *Gentile v. Sec. & Exch. Comm'n*, 974 F.3d 311, 315 (3d Cir. 2020) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)); *see also Sconiers v. United States*, 896 F.3d 595, 597 (3d Cir. 2018) ("As a sovereign, the United States is immune from suit unless it consents to be sued." (quoting *White-Squire v. United States Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010))). "[A]bsent congressional authorization—through an unequivocal statutory waiver—it is

---

[1] Because the Court must dismiss this case for lack of subject-matter jurisdiction, the Court does not analyze the other grounds on which Defendant seeks dismissal.

'unquestioned' that the federal government retains sovereign immunity." *Gentile*, 974 F.3d at 315 (quoting *Alden v. Maine*, 527 U.S. 706, 749 (1999)). Such a statutory waiver "defines the scope of a 'court's jurisdiction to entertain the suit.'" *Id.* at 316 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see also id.* ("Consent alone gives jurisdiction to adjudicate against a sovereign. Absent that consent, the attempted exercise of judicial power is void." (quoting *United States v. United States Fid. & Guar. Co.*, 309 U.S. 506, 514 (1940))).

The Federal Tort Claims Act is one such statutory waiver of sovereign immunity. *See Sconiers*, 896 F.3d at 597 (describing the FTCA as "a limited waiver of the sovereign immunity of the United States" (quoting *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006))). The statute states: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. However, the statute contains several exceptions to this waiver of sovereign immunity. One such exception is relevant in this case, and it carves out "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty…" 28 U.S.C. § 2680(c).

This exception for torts "arising in respect of the assessment or collection of any tax" has been interpreted broadly. *See, e.g.*, *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995) ("It is well established that regulatory violations and torts committed by agents are within the scope of the exception if they were committed during the course of a tax assessment or collection effort.");

3

*Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981) ("Congress retained the Unted States' sovereign immunity for any claim in respect of the assessment or collection of taxes. This language is broad enough to encompass *any activities* of an IRS agent *even remotely related* to his or her official duties." (emphasis added)); *see also Kennedy v. Comm'r, Dep't of the Treasury Internal Revenue Serv.*, No. 5:18-cv-00257, 2018 WL 3020161, at *2 (E.D. Pa. June 18, 2018) (dismissing plaintiff's IIED claim for lack of subject matter jurisdiction because the claim "ar[ose] in respect of the assessment or collection of [a] tax").

Here, the Court agrees with the Government that Plaintiffs' claims are squarely within the exception to the FTCA for claims "arising in respect of the assessment or collection of any tax or customs duty" codified at 28 U.S.C. § 2680(c). Plaintiff has pled that his claims sound in tort. *See* ECF No. 1 at 3 ("The purpose of this complaint is to receive damages for all the torts we were subjected to…"); *see also* ECF No. 8 at 2 (stating that the complaint is listing "numerous tort offenses"). In fact, Plaintiffs even invoke the FTCA in their Complaint *see* ECF No. 1 at 3, claiming that it gives them "[t]he right to sue the federal government." However, the allegedly tortious acts arise out of the assessment or collection of taxes, specifically the audit process, and thus sovereign immunity applies.

Plaintiffs allege that their claims stem from the IRS's "audit process." *See id.* at 2. While Plaintiffs do not bring claims against individual defendants, they allege that five IRS employees were involved with an audit of Plaintiffs for tax years 2016 and 2017. *See id.* They allege that one of the employees was inconsiderate to them during an audit meeting in June 2018. *See id.* at 2-3. Also, they allege that in July of 2018, Plaintiff David Tierney received a phone call from the Assistance Support Center for Tax Relief where the caller stated that Plaintiffs owed tens of thousands of dollars in additional taxes. *See id.* at 4. Plaintiffs allege that this is evidence that his

4

right to confidentiality was violated. *See id.* Plaintiffs also allege that IRS employees falsified entries on tax forms. *See id.* at 4-5. Plaintiff alleges that these actions constituted an intentional infliction of emotional distress and a violation of the Plaintiffs' right to confidentiality. *See id.* at 7. All of these alleged tortious acts plainly occurred in the course of the IRS's attempted collection or assessment of taxes, and accordingly this Court does not have jurisdiction to adjudicate Plaintiffs' claims due to the relevant exception to the FTCA. *See* 28 U.S.C. § 2680(c).

Plaintiffs' pleadings make clear that this is not a case sounding in tax laws, but rather in tort. *See* ECF No. 8 at 2 ("[T]he complaint is reporting . . . numerous tort offenses."). However, the torts alleged rose in the context in the "assessment or collection" of taxes, and thus the FTCA's exception applies.

### IV.   CONCLUSION

Because Plaintiffs' tort claims fall within the scope of an exception to the FTCA, the United States retains sovereign immunity, and this Court lacks jurisdiction to hear this case. For the foregoing reasons, Defendant's Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed with prejudice for lack of subject matter jurisdiction.[2] An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[2] Dismissal with prejudice here is appropriate because "amendment would be futile because the United States has not waived its sovereign immunity as to torts that arise from collection of tax dollars." *Kennedy*, 2018 WL 3020161, at *2 (citing *Petrillo v. United States*, No. 3:15-CV-1894, 2017 WL 2413396, at *4 (S.D. Cal. May 31, 2017)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002) (noting the "long tradition of denying leave to amend under [Fed. R. Civ. P.] 15(a) when amendment is inequitable or *futile*." (emphasis added)).